**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 6, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

### NO. 14-12-00756-CR

---

### IN RE CHARLES LEE GRABLE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 764539**

---

## M E M O R A N D U M   O P I N I O N

On August 20, 2012, relator Charles Lee Grable filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Mary Lou Keel, presiding

judge of the 232nd District Court of Harris County, to accept his plea bargain entered in 1998.

In 1998, Grable entered a guilty plea to indecency with a child. The plea document signed by Grable on January 15, 1998, reflects that there was no agreed recommendation on punishment and that a pre-sentence investigation would be conducted. On April 3, 1998, the trial court deferred an adjudication of guilt and placed Grable on probation for five years. Later that year, Grable's guilt was adjudicated and punishment was assessed at confinement for sixteen years in the Institutional Division of the Texas Department of Criminal Justice. *See Grable v. State*, No. 14-02-00335-CR, 2002 WL 1000398 (Tex. App.—Houston [14th Dist.] May 16, 2002, no pet.) (not designated for publication) (dismissing appeal for want of jurisdiction because notice of appeal not filed timely).

Grable claims that he entered into a negotiated plea agreement, the terms of which were not disclosed to the trial court and not reflected in the judgment. He claims that he agreed to plead guilty in exchange for the prosecutor's agreement not to file additional charges against him and his wife. He asserts that the trial court accepted his guilty plea, but failed to accept his plea bargain. While relator's plea may have been the result of negotiations with the State, because the punishment was not agreed, it was not considered a plea bargain, which is defined as "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." Tex. R. App. P. 25.2(a)(2).

In 1998, relator filed an application for writ of habeas corpus in the trial court. The trial court denied relator's application on February 1, 1999. In a criminal case, mandamus relief is authorized only if the relator establishes that (1) under the facts and

2

the law, the act sought to be compelled is purely ministerial; and (2) he has no other adequate legal remedy. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig. proceeding). In this case, relator had an adequate remedy by appeal. Appeal can be had from a district court order denying an applicant relief on a writ of habeas corpus. *Ex parte Renier*, 734 S.W.2d 349, 353 (Tex. Crim. App. 1987).

Relator has an adequate remedy by appeal and has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).